JUSTICE McKINNON,
dissenting.
¶18 The issue on appeal is whether substantial evidence supported the verdict that Reis failed to prove his damages to his right hand were caused by the accident. The jury concluded that Ries failed to prove damages related to his neck and back were caused by the accident. I would find that there was conflicting evidence presented to the jury regarding the hand injury — primarily by the radiology report noting a remote fracture — and that, on this basis alone, Reis failed to meet his burden of proof. I would also conclude that the evidence relating to the boxer’s fracture should not be considered in isolation from all the evidence presented in the case and that such an approach is inconsistent with our instruction to juries that they are to determine the weight to be given a witness’ testimony.
¶19 The evidence presented to the jury regarding Reis’s hand injury and the boxer’s fracture came from the expert opinion of LaDonna Maxwell. Maxwell’s assessment of Reis’s injuries was that he had sustained a boxer’s fracture. In contrast to basing her opinion on medical history provided by Reis, Maxwell testified that an x-ray can show whether the fracture was an acute fracture or a long-term fracture. The x-ray report admitted into evidence made the following findings: “There are no prior studies available for comparison. An *495 oblique fracture is in the right fifth metacarpal neck. This may be due to a remote fracture, however. There is mild volar angulation. Soft tissue swelling is present.” The conclusion, as set forth in the x-ray report, was a “boxer’s fracture, possible remote. Clinically correlate.” ¶20 Here, the only testimony regarding Reis’s right hand injury was conflicting since Maxwell testified she relied upon the report indicating the fracture was “possibly remote” to assess Reis’s hand injury. Maxwell’s testimony is far from clear when she explains what “clinical correlation” means. While she testifies, “Yes, and I say clinically it correlates,” it is in response to counsel’s question that, “This may be due to a remote fracture, however; correct?” Reis never solicited any testimony from Maxwell of observable clinical findings (bruising, abrasions, etc.) from which a correlation could be made which negated a remote fracture. Reis failed to ask any follow-up questions to establish for the jury that Maxwell’s opinion had merit beyond the unclear and conclusory assertion that, “I say clinically it correlates.”
¶21 The only objective evidence before the jury was the x-ray report indicating that the fracture was possibly remote. In light of Maxwell’s conflicting testimony, I would conclude that the x-ray report constituted substantial evidence supporting the jury’s verdict of no causation relating to Reis’s hand injury. In the context of the remaining evidence that was produced at trial, which I would conclude should be considered, it is my view that we have displaced the jury’s function, which is to weigh the credibility of the witnesses and decide what weight to attribute to the evidence. “It is not this Court’s function to agree or disagree with [a jury’s] verdict.” Moore, ¶ 8 (citation omitted). If “conflicting evidence exists, [a court does] not retry a case because the jury chose to believe one party over another.” Renville, ¶ 14. “Even inherently weak and conflicted evidence may still be considered substantial.” Moore, ¶ 8.
¶22 I would reverse the District Court’s order granting a new trial.